UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHELIX PHENOX PRINGLE,

             Petitioner,

v.                             CASE NO. 2:18-cv-13213
                                  HONORABLE VICTORIA A. ROBERTS

THOMAS WINN,

             Respondent.

_____/

## OPINION AND ORDER (1) DENYING THE HABEAS PETITION, (2) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND (3) GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Petitioner Phelix Phenox Pringle filed a *pro se* application for the writ of habeas corpus under 28 U.S.C. § 2254. He challenges his Wayne-County, Michigan convictions for assault with intent to commit murder and two weapon offenses on grounds that his guilty plea was not voluntary or knowing and that his trial attorney misled him about the length of his minimum sentence. The State urges the Court to deny the petition on the merits. Having reviewed the pleadings and record, the Court agrees with the State that Petitioner's claims do not entitle him to habeas corpus relief. The Court, therefore, denies the petition and dismisses this case.

# I.  Background

## A.  The Charges, Plea, and Sentence

The prosecution charged Petitioner with four crimes:  (1) assault with intent to commit murder, Mich. Comp. Laws § 750.83; (2) assault with intent to do great bodily harm less than murder, Mich. Comp. Laws § 750.84; (3) carrying a concealed weapon (CCW), Mich. Comp. Laws § 750.227; and (4) possession of a firearm during the commission of a felony (felony firearm), Mich. Comp. Laws § 750.227b. The charges arose from allegations that Petitioner pulled a gun out of his pocket during an argument with his neighbor one summer afternoon in 2016 and then threatened to kill the neighbor and shot the neighbor in the abdomen.

On March 3, 2017, Petitioner pleaded guilty in Wayne County Circuit Court to assault with intent to commit murder, CCW, and felony-firearm.  In return for Petitioner's plea, the prosecutor agreed to dismiss the second count (assault with intent to do great bodily harm less than murder).  The trial court, moreover, agreed to sentence Petitioner to seven-and-a-half to twenty years in prison for the assault-with-intent-to-murder conviction and a consecutive term of two years in prison for the felony-firearm conviction.  (3/3/17 Plea Tr., ECF No. 9-8, PageID.142-143.)[1]

---

[1]  In Michigan, a trial judge may participate in sentencing discussions at the request of a party by "stat[ing] on the record the length of sentence that, on the basis of the information then available to the judge, appears to be appropriate for the charged offense." *People v. Cobbs*, 443 Mich. 276, 283; 505 N.W. 2d 208, 212 (1993) (emphasis omitted).

At Petitioner's sentencing on March 22, 2017, he informed the trial court that he thought the plea agreement called for a sentence of five-and-a-half years, plus two for the gun crime, and that he did not want to go along with that.  He asked the trial court to retract the plea bargain and allow him to go to trial.  (3/22/17 Sentence Tr., ECF No. 9-9, PageID.157.)  Defense counsel expressed shock at Petitioner's remarks and stated that it was the first time Petitioner had said that to him.  Defense counsel informed the trial court that he previously read the presentence report and *Cobbs* agreement with Petitioner so that Petitioner would recall what he agreed to when he signed the plea form.  (*Id*. at PageID.157-158.)

It appears from the record that defense counsel then showed the written plea agreement to Petitioner and pointed out that the *Cobbs* evaluation called for a sentence of seven-and-a-half to twenty years, consecutive to two years for the fourth count.  (*Id*. at PageID.158.)  Petitioner responded that he did not take his medication on the day of the plea and that he thought the agreement was five-and-a-half years

---

The judge's preliminary evaluation of the case does not bind the judge's sentencing discretion, since additional facts may emerge during later proceedings, in the presentence report, through the allocution afforded to the prosecutor and the victim, or from other sources.  However, a defendant who pleads guilty or nolo contendere in reliance upon a judge's preliminary evaluation with regard to an appropriate sentence has an absolute right to withdraw the plea if the judge later determines that the sentence must exceed the preliminary evaluation.

*Id*.

3

and two years for the gun offense.  (*Id*.)  He also stated that he felt somewhat coerced into proceeding with the matter when he arrived at the courthouse because he was feeling manic depressive.  (*Id*. at PageID.158-159.)

The trial court noted that the sole basis for Petitioner's motion was his own misunderstanding of the *Cobbs* evaluation and that the evaluation was discussed at the plea proceeding, in consultation with the complainant.  The court also noted that Petitioner had acknowledged the agreement at the plea proceeding and accepted it. The court stated that there was nothing in the presentence report indicating that Petitioner objected to the agreement or misunderstood it.  The court also pointed out that Petitioner did not express any confusion about the agreement until the sentencing, that the medication issue was previously addressed, and that Petitioner was provided with whatever medication he needed.   The court denied Petitioner's oral motion after concluding that there was absolutely no basis for withdrawing the plea and that Petitioner's motion was a delay tactic.  (*Id.* at PageID.159-161.)

Petitioner persisted with his argument by pointing out that he previously sent handwritten motions to the court.  The court, however, stated that the motions were untimely because Petitioner provided them to the court after his plea.  (*Id*. at PageID.161-162.)  The court then proceeded to sentence Petitioner to seven-and-a-half to twenty years in prison for the assault conviction, one to five years for the

CCW conviction, and a consecutive term of two years for the felony-firearm conviction, with 270 days of jail credit. (*Id*. at PageID.162-165.)

## B. The Post-Judgment Motion and Appeal

Petitioner, through counsel, subsequently filed a motion to withdraw his guilty plea. He claimed that he thought he was getting a sentence of five or five-and-a-half years and that he was confused or misunderstood the plea agreement because he did not have his reading glasses with him at the plea proceeding and did not take his medication that day. (11/6/17 Mot. Hr'g Tr., ECF No. 9-10, PageID.169-171.) A successor judge held oral arguments on the motion and found it difficult to believe that Petitioner misunderstood the terms of the plea agreement, because Petitioner had time to think about the plea offer between the final pretrial conference and his plea. (*Id*. at PageID.178.) The judge then denied Petitioner's motion after concluding that:

> the defendant understandingly and voluntarily entered into a plea for a specific minimum sentence range. In exchange, as referred to at sentencing, the Court agreed to provide a better offer than the prosecution. Defendant received a sentence that he bargained for and which he agreed to.
>
> Moreover, as indicated by the Court, the defendant had from January 13th of 2017 to March 3rd of 2017 . . . to evaluate the terms of [the trial judge's] *Cobbs* evaluation. As such, the defendant's alleged one-day denial of Wellbutrin or lack of glasses did not prohibit the defendant from . . . understandingly and voluntarily entering into this plea.

The claims of the defense are speculative at best as to why the defendant claimed he didn't understand or thought the plea would be different. The plea agreement was stated on the record.

(*Id*. at PageID.179-180.)

Petitioner subsequently filed a delayed application for leave to appeal his convictions and sentence in the Michigan Court of Appeals. He argued through counsel that: (1) his plea was neither understanding, nor voluntary, because his attorney advised him that his minimum sentence would not exceed five years; and (2) he was entitled to withdraw his plea due to his attorney's ineffectiveness in advising him that his minimum sentence would not exceed five years even though his minimum sentence turned out to be nine-and-a-half years in prison. (ECF No. 9-11, PageID.185-186.) The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." *People v. Pringle*, No. 341226 (Mich. Ct. App. Jan. 5, 2018); (ECF No. 9-11, PageID.182).

Petitioner raised the same claims about the voluntariness of his guilty plea and his trial counsel's alleged ineffectiveness in an application for leave to appeal in the Michigan Supreme Court. He also alleged that the trial court's denial of his motion to withdraw his plea agreement prejudiced him and that he was forcefully interrogated by law enforcement officials after his arrest. (ECF No. 9-12, PageID. 281-285.) On July 27, 2018, the state supreme court denied leave to appeal because

it was not persuaded to review the Petitioner's claims.  *People v. Pringle*, 502 Mich. 939; 915 N.W.2d 353 (2018).

## C.  The Habeas Petition and Responsive Pleading

On October 15, 2018, Petitioner filed his habeas corpus petition.  He raises the two claims that presented to both the Michigan Court of Appeals and the Michigan Supreme Court:  (1) that his guilty plea was not understanding or voluntary due to his attorney's advice that his minimum sentence would not exceed five years; and (2) that his trial attorney was ineffective because the attorney advised him that his minimum sentence would not exceed five years even though his minimum sentence turned out to be nine-and-a-half years.  (Pet., ECF No.1, PageID.12-15.)

The State argues in its responsive pleading that:  Petitioner knowingly and voluntarily pleaded guilty in exchange for a minimum nine-and-a-half-year sentence; Petitioner's claim about his trial attorney is belied by the record; and Petitioner's plea forecloses any preexisting claims of ineffective assistance.    The State also maintains that the Michigan appellate court's denial of Petitioner's claims for lack of merit was an objectively reasonable decision.  (Answer in Opp'n to Pet. for Writ of Habeas Corpus, ECF No. 8, PageID.31-32.)

## II.  Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires prisoners who challenge "a matter 'adjudicated on the merits in State court'

to show that the relevant state court 'decision' (1) 'was contrary to, or involved an unreasonable application of, clearly established Federal law,' or (2) 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.' " *Wilson v. Sellers*, 138 S. Ct. 1188, 1191 (2018) (quoting 28 U.S.C. § 2254(d)).

"A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000).

"AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' *Lindh v. Murphy*,  521 U.S. 320, 333, n. 7, 117 S. Ct. 2059, 138 L.Ed.2d 481 (1997), and 'demands that state-court decisions be given the benefit of the doubt,' *Woodford v. Visciotti*, 537 U.S. 19, 24, 123 S. Ct. 357, 154 L. Ed. 2d 279 (2002) (*per curiam*)."  *Renico v. Lett*, 559 U.S. 766, 773 (2010).  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  "Only an 'objectively unreasonable' mistake, . . . , one 'so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement,' slips through

the needle's eye of § 2254." *Saulsberry v. Lee*, 937 F.3d 644, 648 (6th Cir.) (quoting *Richter*, 562 U.S. at 103), *cert. denied*, 140 S. Ct. 445 (2019).

The Court must presume that a state-court's factual determinations are correct unless the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The Court's review, moreover, generally is "limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

### III. Discussion

### A. Whether the Plea was Voluntary and Knowing

Petitioner alleges that his guilty plea was neither understanding, nor voluntary, because his attorney advised him that his minimum prison sentence would not exceed five years. (ECF No. 1, PageID.12, 14.) In a supporting affidavit, Petitioner goes even further and states that his attorney told him that he would "do a grand total of 5 years." (*Id.* at PageID.12.) Petitioner also states that he did not know the difference between the word "consecutive" and the word "concurrent" at the plea proceeding and that he thought "consecutive" meant at the same time. (*Id.*)

Although Petitioner signed a written plea agreement which indicates that the sentence would be "7½ years to 20 years, consecutive to 2 years, count 4" (ECF No. 8-1, PageID.69), Petitioner states in his affidavit that he did not have his reading glasses with him at the time and that he cannot read without his glasses. (ECF No.

1, PageID.12.)  Petitioner also states that he did not take his medication for manic depression on the day of his plea, and that he is innocent, because the shooting resulted from an accidental discharge of the gun during a struggle with the complainant over the gun.  (*Id*. at PageID.12-13.)

### 1. Clearly Established Federal Law

Because a guilty plea is an admission of past conduct and a waiver of constitutional rights, it must be a voluntary, knowing, and intelligent act, one "done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States,* 397 U.S. 742, 748 (1970).  The voluntariness of a plea "can be determined only be considering all of the relevant circumstances surrounding it." *Id*. at 749.  For a plea to be knowingly and voluntarily made, the defendant must

> be aware of the maximum sentence that can be imposed for the crime for which he or she is pleading guilty. *King v. Dutton,* 17 F.3d 151, 154 (6th Cir. 1994).  When a petitioner brings a federal habeas petition challenging his plea of guilty, the state generally satisfies its burden by producing a transcript of the state court proceedings showing that the plea was made voluntarily. *Garcia v. Johnson,* 991 F.2d 324, 326 (6th Cir. 1993).  The factual findings of a state court that the guilty plea was properly made are generally accorded a presumption of correctness. Petitioner must overcome a heavy burden if the federal court is to overturn these findings by the state court.  *Id.*

*Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 651–52 (E.D. Mich. 2002).

### 2. Application

Although the written plea agreement that the parties signed before Petitioner's plea called for a minimum sentence of seven-and-a-half years for the assault

10

conviction, Petitioner implies that he did not read the agreement because he did not have his reading glasses with him at the time and because he cannot read without the glasses.  Defense counsel, however, recited the agreement on the record during the plea proceeding.  And even though Petitioner says that he did not understand the meaning of the word "consecutive," his attorney explained the *Cobbs* agreement in simple terms by stating that the agreement called for a sentence of "seven-and-a-half years to 20 years, *plus* two for the felony firearm" conviction.  (3/3/17 Plea Tr., ECF No. 9-8, PageID.142) (emphasis added).

The trial court then repeated the agreement by asking whether the complainant had consented to the plea agreement of "seven-and-a-half to 20 years, *plus* two for the felony firearm."  (*Id*.) (emphasis added).  The trial court also acknowledged the plea form, which indicated that the court was willing to sentence Petitioner to seven-and-a-half years to twenty years, consecutive to the mandatory two years for the felony-firearm count.  (*Id*. at PageID.143.)

The length of the minimum sentence for the assault conviction and the consecutive nature of the felony-firearm sentence were also explained during a prior court hearing in the case.  At a pretrial hearing on Friday, January 13, 2017, the prosecutor made a plea offer of eight to twenty years for assault with intent to commit murder, plus two years for the felony-firearm count, and dismissal of the other charges.  (1/13/17 Pretrial Tr., ECF No. 9-6, PageID.121.)  The trial court then

repeated, "So the offer here is 8 to 20, plus the two years." (*Id*. at PageID.123.)  The

trial court subsequently offered to sentence Petitioner to seven-and-a-half to twenty

years and a consecutive sentence of two years for the felony firearm conviction. (*Id*.

at PageID.126.)

Petitioner stated that the offer sounded reasonable because the prosecutor's

offer was below the sentencing guidelines and because the trial court was willing to

sentence him to even less than the prosecutor's offer.  But he requested a couple of

days to think about the offer and have his attorney write down the agreement for

him.  The trial court agreed to give Petitioner until the following Tuesday to decide

what he wanted to do. (*Id*. at PageID.129-131.)  At the final pretrial conference on

the following Tuesday, Petitioner rejected the plea offer and elected to have a jury

trial. (1/17/17 Final Conference Tr., ECF No. 9-7, PageID.135-136.)

Petitioner obviously changed his mind, for he pleaded guilty about a month-

and-a-half later, on March 3, 2017. (3/3/17 Plea Tr., ECF No. 9-8.)  His contention

that he did not understand the minimum sentence he would receive is not plausible,

given the prior pretrial conference where the length and consecutive nature of the

two sentences were explained on the record.

Furthermore, Petitioner stated at the plea proceeding that he was fifty-three

years old and a veteran of the Air Force. (*Id*. at PageID.144.)  He also stated that he

understood he was giving up several constitutional rights by pleading guilty. (*Id*. at

PageID.144-146.)   Finally, he assured the trial court that he understood he was giving up any claims that his plea was the result of promises or threats not previously disclosed or that it was not his own free choice to enter into the plea agreement.  (*Id*. at PageID.146.)  His "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

Petitioner also provided a factual basis for his plea.  He admitted that he possessed a handgun on the day of the incident, that he did not have a concealed pistol license at the time, that he fired multiple shots in the complainant's direction, and that he intended to hit the complainant.  (3/3/17 Plea Tr., ECF No. 9-8, PageID.146-147.)  The attorneys and the trial court were satisfied with this statement of the facts, and the trial court accepted the plea.  (*Id*. at PageID.147.)

Nothing was said about Petitioner's mental health, but the attorneys stipulated at a prior district court hearing that Petitioner was competent to stand trial and was criminally responsible.  (11/18/16 Competency Hr'g, ECF No. 9-3, PageID.85.) When the district court judge inquired as to whether Petitioner needed any medication to maintain competency, defense counsel stated that Petitioner currently was taking medication; in addition, the prosecutor noted that, according to the competency report, Petitioner did not suffer from a substantial disorder of thinking or mood.  (*Id*. at PageID.86-87.)  The defense attorney asked to have Petitioner's medication continued, and the district court judge noted that, according to the

13

competency report, appropriate medication would be administered pending and during trial.  (*Id.* at PageID.87.)

### 3.  Conclusion on Petitioner's First Claim

The record before the Court, as summarized above, indicates that Petitioner's guilty plea was voluntary and knowing.  Granted, the trial court did not ask Petitioner whether he understood the plea agreement or whether he wished to plead guilty, and Petitioner did not say that he was pleading guilty freely and voluntarily.  But defense counsel stated that he had discussed the agreement with Petitioner and that Petitioner was willing to accept it.  (3/3/17 Plea Tr., ECF No. 9-8, PageID.142.)  In addition, Petitioner claimed to understand the rights that he was waiving by pleading guilty, including the right to assert at some later time that his plea was the result of undisclosed promises or that he did not freely choose to plead guilty.  (*Id.* at PageID.146.)

Furthermore, the printed plea agreement listed the charges to which Petitioner was pleading guilty, the maximum penalty for the charges, and the *Cobbs* agreement. Although Petitioner implies that he could not read the written agreement because he did not have his eyeglasses with him at the time, he signed and dated the agreement in a legible fashion.  (ECF No. 8-1, PageID.69.)

Finally, as noted above, the length of the minimum sentence for the assault conviction and the consecutive nature of the felony-firearm sentence were stated

more than once at one of the prior pretrial conferences, and Petitioner agreed then that the offer was reasonable.  (1/13/17 Pretrial Tr., ECF No. 9-6, PageID.121, 123, 126-127, 130-131.)  Neither Petitioner's lack of eyeglasses on the day of his plea, nor his alleged failure to take his medication for one day, appear to have affected the voluntariness of his plea.

The state appellate court's rejection of Petitioner's plea for lack of merit was objectively reasonable.  The Court declines to grant relief on Petitioner's first claim.

## B.  Whether Trial Counsel was Ineffective

In his only other claim, Petitioner alleges that his trial attorney was ineffective because the attorney failed to explain the real consequences of his plea and led him to believe that his minimum sentence would not exceed five years.   According to Petitioner, there is a reasonable probability that he would not have pleaded guilty if his attorney had provided accurate advice because he had a valid defense of self-defense or accident.  (Pet., ECF No.1, PageID.15.)

### 1.  Clearly Established Supreme Court Precedent

Petitioner was entitled to effective assistance of counsel during the plea-bargaining process. *Lafler v. Cooper*, 566 U.S. 156, 162 (2012).  But to prevail on his ineffectiveness claim, Petitioner must show "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

15

When a defendant pleads guilty on the advice of counsel, "the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.' " *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). The "prejudice" requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id*. at 59. The defendant must show a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Id*.

### 2.  Application

Petitioner alleges that he would not have pleaded guilty if his attorney had not misled him, but, as pointed out above, the record indicates that Petitioner was never led to believe he would receive a minimum sentence of five years. Furthermore, defense counsel's advice to Petitioner to plead guilty was within the range of competence demanded of defense attorneys in criminal cases. The evidence against Petitioner was strong,[2] the prosecutor's plea offer was below the sentencing

---

[2]     Identity of the suspect was not an issue, because Petitioner and the complainant were neighbors for about three years before the shooting. (11/22/16 Prelim. Examination Tr., ECF No. 9-4, PageID.93, 100.)  It further appears that there would have been available witnesses to support the complainant's testimony at trial because he indicated at the preliminary examination that his wife and some neighbors were nearby during the shooting.  (*Id*. at PageID.94, 103.)

guidelines, and the trial court was willing to sentence Petitioner to six months less than the prosecutor's offer.

The trial court stated at one of the pretrial conferences that, if Petitioner went to trial and were convicted, it was highly unlikely that the court would depart downward from the guidelines. (1/13/17 Pretrial Tr., ECF No. 9-6, PageID.129.) The prosecutor calculated the guidelines at 126 to 210 months (ten-and-a-half to seventeen-and-a-half years) if Petitioner were convicted as charged, or 81 to 135 months (six years, nine months, to eleven years, three months) if Petitioner were convicted of a single charge of assault with intent to commit murder. (*Id.* at PageID.125.)

Given the strong possibility that Petitioner would have been convicted if he had gone to trial and that he would have received a longer sentence following a trial, there was a substantial benefit to pleading guilty. Petitioner fails to show that his attorney's advice was deficient and prejudicial. Therefore, the state appellate court's conclusion that Petitioner's claim lacked merit was not contrary to, or an

---

The complainant also testified at the preliminary examination that Petitioner continued to shoot at him after he ran away from Petitioner. (*Id.* at PageID.94, 103-104.) This testimony suggests that Petitioner did not shoot in self-defense.

In addition, three casings and a live bullet were collected at the scene. (1/13/17 Pretrial Tr., ECF No. 9-6, PageID.125-126.) This was an indication that the gun was fired at least three times, *id.*, and it tends to demonstrate that the shooting was intentional, as opposed to an accidental discharge of the gun, as Petitioner suggests.

unreasonable application of, *Strickland* or *Hill*, and Petitioner is not entitled to relief on his ineffective-assistance-of-counsel claim.

## IV. Conclusion

Petitioner's claims lack merit, and the state appellate court's rejection of the claims for lack of merit was not so lacking in justification that there was an error beyond any possibility for fairminded disagreement. The Court, therefore, denies the habeas petition with prejudice and closes this case.

The Court declines to issue a certificate of appealability because reasonable jurists could not disagree with the Court's resolution of Petitioner's claims; nor could reasonable jurists conclude that the issues deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Nevertheless, if Petitioner appeals this decision, he may proceed *in forma pauperis* because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3).

s/ Victoria A. Roberts
VICTORIA A. ROBERTS
Dated: 11/20/2020                UNITED STATES DISTRICT JUDGE